United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11060
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES DWAYNE WILSON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-397-1-G
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Dwayne Wilson appeals his jury conviction and sentence
for discharging a pollutant without a permit and aiding and
abetting.  See 33 U.S.C. §§ 1319(c)(2)(A), 1311(a); 18 U.S.C.
§ 2(a).  Wilson argues first that the district court erred in
admitting a Government exhibit and expert testimony from Jason
Bowen, a witness not qualified as an expert.  Bowen, a civil
environmental engineer, used the Hazardous Categorization System,
commonly referred to as the Haz-Cat, to categorize the substances

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Wilson was convicted of discharging. Bowen testified that the discharged substance was a pollutant. While not a chemist, Bowen's testimony demonstrated that he was well-versed in the operation and methodology of the Haz-Cat. In light of the uncontested testimony at trial regarding the contents of the drums from which the pollutant was discharged, Wilson has not shown that Bowen's testimony was unreliable or irrelevant. See Vogler v. Blackmore, 352 F.3d 150, 154 (5th Cir. 2003). Any error in admitting Bowen's testimony was harmless, given that others testified that the barrels (1) contained garbage, (2) were open when loaded onto the truck headed for the dump site, and (3) were dumped into Greasy Creek. See 33 U.S.C. § 1362(6).

The offense of conviction required proof that Wilson "knowingly" discharged a pollutant (or caused one to be discharged) without a permit. 33 U.S.C. § 1311, 1319(c)(2)(A); 18 U.S.C. § 2(a). Wilson argues that the "deliberate ignorance" jury instruction was error because there was insufficient evidence to indicate that he was aware of a high probability of illegal conduct. He also contends that there was insufficient evidence to support the guilty knowledge element of his conviction. Trial testimony established that Wilson hired his cousin, Tony Moreland, to dispose of the drums containing the pollutant. Moreland testified that Wilson asked him what he was going to do with the barrels, but before he could answer, Wilson said, "I don't want to know." Environmental Protection Agency

Special Agent Green testified that Wilson admitted that he did not know where Moreland was taking the drums but "indicated that he had knowledge they were going to be disposed of illegally or dumped somewhere." Given Wilson's defense of lack of guilty knowledge, the facts adduced at trial fall squarely within "deliberate ignorance" territory. When viewed in the light most favorable to the Government, the evidence clearly raised the inference that Wilson was aware of a high probability of the criminal activity to be carried out by his coconspirator and that he purposely contrived to avoid learning of the illegal conduct. The district court did not abuse its discretion in giving the deliberate ignorance instruction to the jury. See United States v. Newell, 315 F.3d 510, 528 (5th Cir. 2002). Furthermore, the evidence was sufficient to support the jury's finding that Wilson was criminally responsible for Moreland's actions, having willfully associated himself with the criminal venture. See 18 U.S.C. § 2(a); United States v. Vasquez 953 F.2d 176, 183 (5th Cir. 1992).

Wilson's final argument is that the district court erred in using relevant conduct to calculate his sentence under the guidelines. He challenges, inter alia, the guideline used to calculate his base offense level because it applied to offenses involving "hazardous" substances rather than mere "pollutants." See U.S.S.G. §§ 2Q1.2, 2Q1.3; United States v. Goldfaden, 959 F.2d 1324, 1329 (5th Cir. 1992). The Government concedes that

Wilson's argument has merit because the district court based its selection of the applicable guideline section on facts outside of the allegations contained in the superseding indictment. Under the applicable harmless error analysis, the Government cannot show "beyond a reasonable doubt that the Sixth Amendment Booker error did not affect the sentence that the defendant received." See United States v. Pineiro, 410 F.3d 282, 284 & n.4, 286-87 (5th Cir. 2005). Accordingly, Wilson's sentence is VACATED, and this case is REMANDED for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.